Case 4:24-cv-03012   Document 49   Filed on 04/17/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YUNIESKI RIVERON GONZALEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-03012 |
| § | |
| NUCOR CORPORATION, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court are the defendants', Nucor Corporation ("Nucor"), and Armstrong Transport Group, LLC ("Armstrong") motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 31, 34). The plaintiff, Yunieski Riveron Gonzalez ("Yunieski"), has filed a response to Nucor's motion (Dkt. No. 32), and Nucor has filed a reply (Dkt. No. 33). After reviewing the motions, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendants' motions should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

Yunieski was hired to transport a load of steel materials from a Nucor facility in Houston, TX, to Ferguson Enterprises in Virginia. Having no prior experience with this type of load, Yunieski relied on Nucor employees to properly load and secure the cargo. The steel columns were bundled with zip ties that he further secured with straps pursuant to the Federal Motor Carrier Safety Administration ("FMCSA") regulations. Upon arrival at Ferguson Enterprises, he was instructed to remove the securing straps and did so without assistance or safety precautions. When

he removed the straps, the zip ties failed, causing the load to fall on him and result in injury. The lawsuit alleges negligence on the part of Nucor, Ferguson Enterprises, and Armstrong for improperly loading and securing the cargo and failing to provide safe unloading instructions and procedures.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### IV.   ANALYSIS & DISCUSSION

#### a. Armstrong

Armstrong is a licensed freight broker under the FMCSA and does not operate as a motor carrier. Under 49 U.S.C. § 13102(2), a broker is defined as an entity that arranges for transportation by motor carrier but does not itself transport goods. Yunieski admits that Armstrong Transport was the broker in this transaction and played no role in loading and securing the cargo. Therefore,

Armstrong incurs no liability, directly or otherwise as a result of the loading and or securing of the cargo.

Also, the Federal Aviation Administration Authorization Act (FAAAA) preempts state law claims against brokers that seek to impose duties affecting the transportation of cargo 49 U.S.C. § 14501(c)(1)). Hence, Yunieski claims that seek to impose liability on Armstrong due to its role in arranging transportation, is necessarily preempted. While the FAAAA includes a limited safety exception for state regulations "with respect to motor vehicles" (49 U.S.C. § 14501(c)(2)(A)), there is no direct link between the state regulations and motor vehicle safety issues raised here. See *Gauthier v. Hard to Stop LLC*, No. 20-93, 2022 WL 344557, at *2 (S.D. Ga. Feb. 4, 2022). As Yunieski's claims against Armstrong Transport do not relate to motor vehicle safety, the safety exception is inapplicable.

Yunieski also insists that Armstrong is his statutory employer under the "responsibility and control" theory. However, Yunieski cannot establish the necessary elements for this theory to apply. Under this theory he is required to establish that Armstrong is: (1) a motor carrier, not a broker, (2) Armstrong does not own the vehicle involved, (3) Armstrong uses the vehicle in interstate commerce (4) and Armstrong does not employ the driver. *Morales v. OK Trans, Inc.,* Civil Action No. 2:19-CV-0094, at *3 (S.D. Tex. March 29, 2024). Armstrong is a broker, not a motor carrier, as evidenced by its FMCSA license. Furthermore, the transport was intrastate, and Armstrong did not own the truck. Because Yunieski fails to satisfy at least three of the four necessary conditions, Armstrong is not Yunieski's statutory employer.

For the foregoing reasons, Armstrong's motion to dismiss is **GRANTED**.

**b. Nucor**

Next, Yunieski alleges that Nucor should have ensured that the cargo was properly loaded. However, he fails to provide any legal basis for imposing a duty on Nucor. There are no allegations that Nucor was responsible for loading the cargo, and Yunieski himself admits uncertainty as to who performed the loading. Without factual allegations connecting Nucor's conduct to the alleged injury, Yunieski cannot show proximate cause and therefore his negligence claim against Nucor fails. See *Wheeler v. Pilgrim's Pride Corp.*, 591 F.3d 355 (5th Cir. 2009).

Yunieski appears to suggest that Nucor is liable for the actions of others involved in the transportation. However, vicarious liability requires an employment or agency relationship, which Yunieski fails to establish existed. Specifically, he provides no evidence that Nucor had control over the parties responsible for loading the cargo or that they acted as Nucor's agents.

For the foregoing reasons, Nucor's motion to dismiss is also **GRANTED**.

It is so **ORDERED**.

SIGNED on April 17, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge